## M. A. BODWELL, GUARDIAN, ET AL.

v.

## IDA A. BODWELL.

January Term, 1894.

*Equity.   Specific performance.   Orator must have clean
hands.*

B., in his lifetime, entered into a post-nuptial contract with his
wife, the defendant, by which it was agreed that he should
pay her three hundred dollars and allow her to have the
custody of their youngest child, and that she should relin-
quish all claim to his property by way of homestead or
otherwise and maintain herself.   The parties entered upon
the execution of this agreement, but B. soon afterwards,
against the will of the defendant, took and kept possession
of the child.   After the death of B. the orators, as guard-
ians of his minor children, brought this bill to compel the
defendant to relinquish her claim to his estate.   *Held*, that
the suit would not lie, for

(*a.*)   The orators stood in the shoes of B., and

(*b.*)   He could not compel the defendant to perform on her part
so long as he had violated the agreement himself.

Bill for specific performance.   Heard upon the pleadings
and a master's report at the September term, 1893, Orleans
county.   TAFT, chancellor, decreed for the orators, *pro
forma*.   The defendant appeals.

The defendant, Ida A. Bodwell, was the wife of the intes-
tate, E. B. Bodwell, and so being husband and wife, these
parties, on Feb. 2, 1891, executed the following written
agreement :

"Articles of agreement made and concluded this 2d day of February, A. D. 1891, by and between Ida A. Bodwell of Barton, in the county of Orleans, of the one part, and E. B. Bodwell, being the husband of said Ida A., of the other part, witnesseth:

"The said Ida A. Bodwell, for the consideration hereinafter mentioned, hath agreed and doth hereby covenant, promise and agree that she will sign a deed of the place where they now live in Barton village; that she will leave her husband, the said E. B. Bodwell, and hereafter live separate and apart from him, and that she will never trouble him again; that she will relinquish all right, title and interest in and to his property and estate, and will never hereafter make any claim upon said E. B. Bodwell, or his heirs or assigns, for any part of his property or estate; that she will never hereafter claim any support from him, or contract any debts upon his account.

"And the said E. B. Bodwell, in consideration thereof, hath agreed, and doth hereby covenant, promise and agree, that he will pay said Ida A. Bodwell, his wife, the sum of three hundred dollars, in money, and let her have certain articles of household furniture to be agreed upon between the parties, her own clothing, Burleigh W. Bodwell, her son by said E. B. Bodwell, and in case she should fail to properly provide and care for said Burleigh W. Bodwell, the said E. B. Bodwell has the right to take charge of him and provide for him."

In pursuance of this agreement E. B. Bodwell paid the defendant the sum mentioned, and she took the boy Burleigh, left the house of the said E. B., and maintained herself without expense to him down to the time of his death.

Some little time after their separation, E. B. Bodwell, by stealth and against the will of the defendant, took possession of the boy Burleigh, and kept possession of him afterwards. The master found that up to that time the defendant had properly cared for and maintained him.

*F. W. Baldwin* and *W. W. Miles* for the orator.

This contract is upon good consideration and enforceable

in equity.   2 Sto. Eq. Jur., s. 1372; 2 Kent 166; *Garlick* v. *Strong,* 3 Paige Ch. 440; *Partridge* v. *Havens,* 10 Paige Ch. 618; *Livingston* v. *Livingston,* 2 Johns. Ch. 537; *Burdens* v. *Ampese,* 14 Mich. 96; *Mehlop* v. *Pettibone,* 54 Wis. 652; *Putnam* v. *Bicknell,* 18 Wis. 351; *Hannan* v. *Oxley,* 23 Wis. 519; *Beard* v. *Dedolph,* 29 Wis. 136; *Sims* v. *Rickets,* 35 Ind. 181, 9 Am. Rep. 687; *Stanwood* v. *Stanwood,* 17 Mass. 57; *Phelps* v. *Phelps,* 20 Pick. 556; *Shepard* v. *Shepard,* 7 Johns. Ch. 57; *Wood* v. *Worden,* 20 Ohio 518; *Gains* v. *Poor,* 3 Met. (Ky.) 503; *Fitch* v. *Ayer,* 2 Conn. 143; *Wallingford* v. *Allen,* 10 Peters 583; *Tarbell* v. *Tarbell,* 10 Allen, 278; *Hendricks* v. *Isaacs,* 15 Am. St. Rep. 524, 117 N. Y. 411; *Barron* v. *Barron,* 24 Vt. 375; *Mann* v. *Mann,* 53 Vt. 49.

*E. A. Cook* and *J. W. Redmond* for the defendant.

Specific performance will not be decreed unless the terms of the contract are explicit, and the terms of this agreement are not.   Fry, Spec. Per., s. 361; Sto. Eq. Jur., s. 764; 22 Am. and Eng. Enc. of Law, 1006 and note; *Colson* v. *Thompson,* 2 Wheat. 236; *Preston* v. *Preston,* 95 U. S. 200; *Buckmaster* v. *Thompson,* 36 N. Y. 558; Pom. Eq. Jur., s. 1405.

The contract is absolutely void, because the parties were incompetent to make it.   Sto. Eq. Jur., s. 1428; 2 Kent, 176, 177; Sch., H. & W., s. 473; *Carson* v. *Murry,* 3 Paige 483; *Rogers* v. *Rogers,* 4 Paige 516, 27 Am. Dec. 84; *Stephen* v. *Osborn,* 90 Am. Dec. 358; *Simpson* v. *Simpson,* 4 Dana 140; *Phillips* v. *Myers,* 82 Ill. 67; *Carter* v. *Carter,* 14 Smedes & M. 59; *St. John* v. *St. John,* 11 Ves. 526; *Marshall* v. *Rutton,* 8 Ter. R. 545.

The orators must stand upon the rights of E. B. Bodwell, and he could have no relief here, for he has violated the contract himself by repossessing himself of the boy Burleigh.

*Mann* v. *Mann's Est.*, 53 Vt. 49; *Little* v. *Dwinell*, 57 Vt. 301; Sto. Eq. Jur., s. 736.

ROSS, C. J.   This is a bill, brought by the guardians of the minor children of E. B. Bodwell, deceased, praying to have Ida A. Bodwell, the widow of the deceased, compelled specifically to perform a post-nuptial agreement, entered into by her while covert with the deceased, in regard to living separate and apart from the deceased, and relinquishing " all right, title and interest in and to his property and estate." The orators, as the representatives of the minor children, stand upon the rights of E. B. Bodwell, as they existed at the time of his decease. Without attempting to determine whether the contract is such that equity would specifically enforce it, under any circumstances, or whether it is fair and just in its provisions for the defendant; or whether its proper construction would debar the defendant of homestead and dower and other provisions of the statute for her benefit in his estate, it is elementary that " he who seeks equity must do equity," or that a party to a contract, or those standing on his rights, to entitle himself to a specific performance of the provisions of the contract, which are to be performed for his benefit, must affirmatively establish that he has faithfully kept and performed, or is ready and willing to keep and perform, all the provisions of the contract resting upon him to perform, for the benefit of the other party. The deceased had not kept and performed one of the essential provisions of the contract which rested upon him to perform. By the contract the defendant, Ida A. Bodwell, was given the care and custody of their minor son, Burleigh W., so long as she should properly provide and care for him. The master has found that she did properly provide and care for him, and that the deceased did not regard this provision of the contract, but very soon after it was entered into, against her wish, stealthily took the son from

her, and not only detained him from her so long as he lived, but in the meantime brought a bill of divorce against her, and therein prayed to be given the custody of the son. He put her to the trouble and expense of defending herself not only from the charges in the libel but also from obtaining a decree for the custody of the son.. Under these circumstances E. B. Bodwell, at the time of his decease, did not stand in such relations to the contract that he could call upon a court of equity to enforce it specifically in his favor. Neither do the orators, who stand on his right.

*Decree reversed, cause remanded, with a mandate to the court of chancery to dismiss the bill with costs to the defendant in this court.*